UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------
In re                                                    DECISION & ORDER

    WILLIAM & REBECCA HIRSCH,                    05-16123 B

        Debtors
-------------------------------------------------

        John H. Heyer, Esq.
        604 Exchange National Bank Building
        P.O. Box 588
        Olean, New York 14760
        Chapter 7 Trustee

        Perrigo & Kahle
        Karen M. Perrigo, Esq., of counsel
        20 Water Street
        PO Box 65
        Cuba, New York 14727
        Attorneys for Debtors

Bucki, U.S.B.J.

    Upon filing their petition for relief under chapter 7 of the Bankruptcy Code, William and Rebecca Hirsch sought to exempt the full value of a coin collection from administration by their case trustee. The trustee then filed a timely objection to this exemption. For the reasons stated hereafter, the trustee's objection is sustained, but only to the extent of the difference between the value of the collection and the face value of its contents.

    In claiming an exemption, the debtors rely upon New York Debtor and Creditor Law §283(2). This section allows debtors to exempt a limited amount of cash in those instances where the debtors do not avail themselves of the homestead exemption. The statute also states a formula for calculating the amount of the cash exemption, which in any event may not exceed $2,500 per person. For purposes of this exemption, the statute defines cash to mean

"currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution."

Mr. & Mrs. Hirsch assert that their collection consists of coins that would qualify as currency of the United States. So long as the face value of the coins does not exceed the allowed amount of cash exemption, the debtors would find the collection to be fully exempt. The trustee contends that the coins are not presently used as currency, and therefore should receive no benefit from the cash exemption. Neither party has cited any case authority on the issue.

The disputed coins have value as currency, but they enjoy a greater value from a numismatic perspective. In my view, Debtor and Creditor Law §283(2) recognizes only an exemption for the collection's value as currency, which by definition is here limited to the "face value" of the coins. If the coins have any greater value as collectibles, no exemption would attach to the extent that that greater value exceeds the face value of the collected items. Accordingly, the trustee may administer the coin collection. Upon its liquidation, he should remit to the debtor the face value of the coins in an amount not to exceed the maximum cash exemption, and should retain the balance for distribution to creditors.

For the reasons stated, the trustee's objection is sustained to the extent indicated herein.

So ordered.

Dated:     Buffalo, New York                                             /s/ CARL L. BUCKI
           February 17, 2006                                                    U.S.B.J.